OPINION
Appellant Erie Insurance Group appeals the decision of the Stark County Court of Common Pleas, which denied appellant summary judgment and ruled in favor of Appellee Irene Oschenbine in a declaratory judgment action filed by appellee. The relevant facts leading to this appeal are as follows. On June 1, 1997, appellee operated a 1993 Ford Taurus owned by her daughter, Terry, and was involved in an accident caused by Matthew Wayrs. The accident resulted in injury to appellee and Terry, as well as Terry's three minor children, who were passengers in the back seat. At the time, the Taurus was insured by Progressive Insurance, with an underlying policy of $12,500 per person/$25,000 per accident. The Wayrs vehicle was insured by Grange Mutual Insurance, with a liability policy of $50,000 per person/$100,000 per accident. At the time of the accident, appellee was listed as an additional driver on an Erie Insurance policy owned by her son, Ronnie McCarty, who lived in the same trailer park as appellee. Appellee's own vehicle had been inoperable for six to twelve months prior to the accident. Thus, appellee frequently operated her daughter Terry's Taurus, and kept her own set of keys for the car. At some point after the accident, appellee began driving her own vehicle again. On February 8, 1999, appellee filed an action for declaratory judgment against appellant claiming underinsured benefits pursuant to the policy issued to her son, Ronnie. On January 10, 2000, appellant filed a motion for summary judgment, alleging its lack of coverage for the Taurus in the accident. Appellee responded, and on February 4, 2000, the trial court denied appellant's motion for summary judgment and entered a declaratory judgment in favor of appellee. Appellant timely appealed and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED BY FINDING THAT THE PASSENGERS IN THE VEHICLE OPERATED BY IRENE OSCHENBINE WERE COVERED UNDER THE ERIE INSURANCE POLICY FOR UNDERINSURANCE COVERAGE.
 I.
In its Assignment of Error, appellant contends that the trial court erred in finding that the passengers in the Taurus driven by appellee were covered under the Erie policy. We disagree. When a declaratory judgment action is disposed of by summary judgment, appellate review of the trial court's resolution of legal issues is de novo. King v. Western Reserve Group (1997), 125 Ohio App.3d 1, 5. In the case sub judice, the trial court denied appellant's summary judgment motion, but decided the matter based upon the parties' written stipulation of facts. Thus, we find the standard of review of King applicable herein. Appellant essentially argues that Terry's Taurus was not a "temporary substitute vehicle" under the provisions of Ronnie's Erie policy, and was thus outside the scope of coverage, including underinsured motorist coverage, as operated by appellant. The definition of temporary substitute vehicle is stated as follows in the Erie policy: Temporary Substitute Autos and Trailers — Any auto or trailer which is a substitute for a trailer or an owned auto we insure. (The owned auto or trailer must be withdrawn from normal use because of its breakdown, destruction, loss, repair or servicing. The temporary substitute cannot be owned by you and must be used with the permission of the owner.)
Appellant chose not to institute clear parameters as to the length of time an insured's owned automobile can be withdrawn from normal usage before a substitute vehicle will be considered as the insured's regularly used replacement vehicle. In Faruque v. Provident Life Acc. Ins. Co. (1987), 31 Ohio St.3d 34, syllabus, the Ohio Supreme Court mandated that "[l]anguage in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." The record in the case below reveals that appellee, on an as-needed basis, obtained the use of Terry's Taurus, as well as vehicles owned by her two other adult children, for a six- to twelve-month period prior to the accident. She telephoned Terry on the day of the accident to request the use of the car. (Irene Oschenbine Deposition at 10-12). Further, the parties stipulated that appellee's own vehicle was made operable again sometime after the wreck of the Taurus. Reviewing this contractual arrangement pursuant to the mandate of Faruque, supra, we hold that the trial court did not err in finding that appellee and her passengers fell under the temporary substitute vehicle provisions of the underinsured motorist coverage of the Erie policy. Thus, the trial court properly granted declaratory judgment in favor of appellee under the facts of this case. Appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.
By: Reader, V. J. Gwin, P.J., and Wise, J., concur.